UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Calvin Roach,<br>*a/k/a Eugene C. Roach*,<br><br>                Plaintiff,<br><br>vs.<br><br>Kevin Griffin;<br>Colleton County Family Court;<br>Colleton Detention Administration;<br>Patricia Grant;<br>Linda Herndon;<br>Judge Peter Fuge;<br>Harry Shaw;<br>Dept. of Social Services,<br><br>                Defendants. | C/A No.: 2:12-1685-RMG-BHH<br><br><br><br><br><br><br><br>Report and Recommendation |

Plaintiff Eugene Calvin Roach, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee in the Colleton County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Plaintiff alleges he has been unjustly incarcerated because he was never served with a number of child support orders. According to the Complaint, the Colleton County Family Court issued bench warrants and Rules to Show Cause without confirmation of service of the support orders. As a result, on July 27, 2011, a state Family Court Judge heard testimony from the Plaintiff but did not find it credible and sentenced the Plaintiff to three years of incarceration for failure to pay child support. Plaintiff alleges the Judge "has

ordered the clerks to refuse me any access to the courts and documentations (sic) that the defendant has on court file which the defendant has a court order release from a nine month concurrent sentence in June 2002 on the same cases." (ECF No. 1 at 3.)

Plaintiff alleges this is a violation of his civil rights insofar as defendants have, *inter alia*, failed to confirm paternity, abused their authority, intercepted his income tax returns, garnished his wages, refused to answer his motions, deprived him of his liberty, and supported double jeopardy. He claims he is suing for false imprisonment, slander, defamation of character, intentional infliction of emotional distress, injuries of his back, neck, left side, and hip, post traumatic stress, and pain and suffering. Plaintiff asks for money damages and also seeks to be released from custody.[1]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v.*

---

[1] Plaintiff, who is seeking damages, appears to be filing this matter pursuant to 42 U.S.C. § 1983. Plaintiff also seeks to be released from custody, however, this relief may only be obtained in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). The undersigned is treating this pleading as one filed pursuant to 42 U.S.C.§ 1983. If the plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his administrative remedies.

*Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Longstanding precedents preclude the United States District Court for the District

of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine.

In *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, (4th Cir. 2001), the court noted that "[t]he Rooker-Feldman doctrine holds that 'lower federal courts generally do not have [subject-matter] jurisdiction to review state-court decisions.' *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir.1997). *See also D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker-Feldman* doctrine precludes 'review of adjudications of the state's highest court [and] also the decisions of its lower courts.' *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir.1997). The *Rooker-Feldman* bar extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.' *Plyler*, 129 F.3d at 731 (4th Cir.1997) (internal quotation marks omitted). A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.' *Id.* (internal quotation marks omitted)." *Safety-Kleen, Inc.*, 274 F.3d at 857-58. This prohibition includes constitutional challenges. *See Curley v. Adams Creek Associates*, No. 10-1465, 409 Fed. Appx. 678 (4th Cir. January

28, 2011)(the "doctrine establishes that a federal district court lacks jurisdiction over a litigant's challenge to a state court decision, including allegations that the state court's action was unconstitutional").

The Supreme Court clarified the scope of the *Rooker- Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005):

> The Rooker- Feldman doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 1521-22; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker- Feldman doctrine does not apply.")

In this instance, Plaintiff clearly challenges the ruling made by the state family court Judge, including the Judge's determinations concerning the testimony and/or evidence that was utilized at the family court hearing. Plaintiff complains that the Judge did not find his testimony believable, and that he was not permitted to access proof of prior sentences. These issues directly impact his family court proceedings. Thus, Plaintiff's remedy, if at all, is an appeal to the proper state tribunal.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

Furthermore, since Plaintiff has not alleged subject-matter jurisdiction in this court

with respect to any claims arising under state law, those claims should be dismissed without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (district court should decline to exercise supplemental jurisdiction over state-law claims when federal claims are subject to dismissal).

                                                  s/Bruce H. Hendricks
                                                  United States Magistrate Judge

July 10, 2012
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).