IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Calvin Roach,<br><br>    Plaintiff,<br><br>v.<br><br>Kevin Griffin; Colleton County Family Court; Colleton Detention Administration; Patricia Grant; Linda Herndon; Judge Peter Fuge; Harry Shaw; Dept. of Social Services,<br><br>    Defendants. | Civil Action No.: 2:12-1685-RMG<br><br>**ORDER** |

In this case, Plaintiff seeks relief from Defendants pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee in the Colleton County Detention Center. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(b)&(d) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On July 10, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 8). On July 23, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 10). After reviewing the record, the Court agrees with and wholly adopts the Report and Recommendation.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific

objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In this case, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 based on certain actions allegedly taken by the Colleton County Family Court and its employees. (Dkt. No. 1). Specifically, Plaintiff alleges that he was unjustly incarcerated because he was never served with several child support orders. Plaintiff alleges that the Colleton County Family Court violated Plaintiff's constitutional rights by issuing a bench warrant and a rule to show cause without confirming service of the support orders and also by sentencing Plaintiff to prison and refusing to believe Plaintiff's testimony. Plaintiff requests that this Court release him from Colleton County Detention Center and award him money damages.

As explained in the Report and Recommendation, the *Rooker-Feldman* doctrine provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (clarifying the scope of the *Rooker-Feldman* doctrine); *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 199 (4th Cir. 1997) ("[T]he *Rooker-Feldman* doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts."). In the case *sub judice*, Plaintiff challenges the rulings of the state family court Judge. Thus, the relief sought by Plaintiff may

only be sought, if at all, through an appeal to the proper state tribunal. The Court has reviewed Plaintiff's objections to the Report and Recommendation, and the Court finds that these objections merely restate certain allegations in Plaintiff's Complaint and fail to explain why Plaintiff's claim is not barred by the *Rooker-Feldman* doctrine.[1]

## Conclusion

The Court adopts the Report and Recommendation of the Magistrate Judge. (Dkt. No. 8). Accordingly, the Court dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 8, 2012
Charleston, South Carolina

---

[1] To the extent Plaintiff's allegations assert state law claims, the Court declines to exercise supplemental jurisdiction over these claims.